UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA LOWERY | No.  2:16-cv-3007-KJM-KJN |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ACCOUNT OUTSOURCING GROUP, LLC, | |
| Defendant. | |

INTRODUCTION

Presently pending before the court is plaintiff Loretta Lowery's motion for entry of default judgment against defendant Account Outsourcing Group, LLC ("Account Outsourcing"), a Delaware limited liability company.  (ECF No. 12.)[1]  On June 13, 2017, after defendant failed to oppose plaintiff's motion in accordance with Local Rule 230, the court vacated the hearing on the motion and gave defendant one final opportunity to oppose the motion by June 29, 2017.  (ECF No. 13.)  After defendants again failed to oppose plaintiff's motion, plaintiff's motion was taken under submission on the court's own motion pursuant to Local Rule 230(g).  (Id.)

After carefully considering the written briefing, the court's record, and the applicable law, the court RECOMMENDS that plaintiff's motion be GRANTED IN PART.

---

[1] This motion for default judgment proceeds before the assigned magistrate judge pursuant to Local Rule 302(c)(19).

1

1    BACKGROUND

2         Plaintiff Loretta Lowery alleges that defendant unlawfully and abusively attempted to

3   collect on a debt allegedly owed by plaintiff on September 14, 2016.  (ECF No. 1 at 5:10-12.)  On

4   that date, an unidentified agent of Account Outsourcing called plaintiff at her home at

5   approximately 6:26 a.m., and attempted to collect on plaintiff's alleged debt.  (Id.)[2]  Plaintiff

6   informed the agent that the timing of the call was unacceptable and asked to speak with the

7   agent's supervisor.  Plaintiff was then transferred to Charlisa Cole, another agent of Account

8   Outsourcing.  (Id. at 5:12-15.)  Plaintiff requested Ms. Cole to identify the company seeking to

9   collect the alleged debt, but Ms. Cole refused to disclose the name of the company without

10   plaintiff first verifying confidential and personal information.  (Id. at 5:14-17.)

11         After completing the 6:26 a.m. phone call, plaintiff received another call at 6:33 a.m. from

12   an unidentified agent of Account Outsourcing attempting to collect on plaintiff's alleged debt.

13   (ECF No. 1 at 6:10-12.)  Plaintiff then received a third call from the same number at 6:55 a.m.,

14   wherein an unidentified agent again attempted to collect on the alleged debt.  (Id. at 6:20-22.)

15         Based on the above, plaintiff commenced this action against defendant on December 23,

16   2016, alleging:  (1) violations of the Fair Debt Collection Practices Act under 15 U.S.C. §§ 1692

17   et seq. ("FDCPA") and (2) violations of the Rosenthal Fair Debt Collection Practices Act under

18   California Civil Code §§ 1788 et seq. ("RFDCPA").  (ECF No. 1.)  Plaintiff's complaint seeks

19   actual and statutory damages, attorneys' fees, and costs.  (Id.)  After defendant was properly

20   served with process and failed to appear in the action, the Clerk of Court entered defendant's

21   default upon plaintiff's request.  (ECF Nos. 6-8.)  The instant motion for default judgment

22   followed.  (ECF No. 12.)

23   LEGAL STANDARD

24         Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

25   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

26   against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

27

28   [2] All phone calls on September 14, 2016, were placed from (XXX) XXX-2260 and received by plaintiff at (XXX) XXX-0755.

1    automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans,

2    238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

3    (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies

4    within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

5    1980). In making this determination, the court considers the following factors:

6
     (1) the possibility of prejudice to the plaintiff, (2) the merits of
7    plaintiff's substantive claim, (3) the sufficiency of the
     complaint, (4) the sum of money at stake in the action[,] (5) the
8    possibility of a dispute concerning material facts[,] (6) whether
     the default was due to excusable neglect, and (7) the strong
9    policy underlying the Federal Rules of Civil Procedure favoring
     decisions on the merits.

10

11   Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

12           As a general rule, once default is entered, well-pled factual allegations in the operative

13   complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc.

14   v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

15   Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs,

16   285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pled allegations in the complaint

17   are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,

18   and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co.

19   of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388

20   (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating

21   that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v.

22   Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be

23   entered on a legally insufficient claim"). A party's default does not establish the amount of

24   damages. Geddes, 559 F.2d at 560.

25   DISCUSSION

26           Appropriateness of the Entry of Default Judgment under the Eitel Factors

27                   1.      *Factor One: Possibility of Prejudice to Plaintiff*

28           The first Eitel factor considers whether the plaintiff would suffer prejudice if default

3

1    judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting

2    a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would face

3    prejudice if the court did not enter a default judgment, because plaintiff would be without another

4    recourse against defendant.  As such, the first Eitel factor favors the entry of a default judgment.

5           2.      *Factors Two and Three: The Merits of Plaintiff's Substantive Claim and*

6    *the Sufficiency of the Complaint*

7           The court considers the merits of plaintiff's substantive claim and the sufficiency of the

8    complaint together below because of the relatedness of the two inquiries.  The court must

9    consider whether the allegations in the complaint are sufficient to state a claim on which plaintiff

10   may recover.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

11          Here, plaintiff has adequately alleged that defendant violated 15 U.S.C. § 1692c(a)(1)

12   (prohibiting calls prior to 8:00 a.m. and after 9:00 p.m.), as well as 15 U.S.C. § 1692d(6)

13   (requiring debt collectors to meaningfully identify themselves on the phone).  Moreover, because

14   a violation of those provisions is also a violation of the California Rosenthal Fair Debt Collection

15   Practices Act, see Cal. Civ. Code § 1788.17, plaintiff has also adequately alleged a violation of

16   that state statute.  As such, plaintiff's claims have merit.

17          Therefore, the second and third Eitel factors favor the entry of default judgment.

18          3.      *Factor Four: The Sum of Money at Stake in the Action*

19          Under the fourth factor cited in Eitel, "the court must consider the amount of money at

20   stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at

21   1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.

22   Cal. 2003).  In this case, plaintiff does not seek an especially large sum: $2000.00.  Furthermore,

23   as discussed below, the court actually recommends the award of a slightly lesser amount of

24   statutory damages.  Therefore, the sum of money at stake does not preclude the entry of a default

25   judgment.

26          4.      *Factor Five: The Possibility of a Dispute Concerning Material Facts*

27          The court may assume the truth of well-pled facts in the complaint (except as to damages)

28   following the clerk's entry of default, and defendant has not appeared to dispute any such facts.

4

1    Thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra

2    Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in

3    a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is

4    no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219

5    F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Accordingly, the fifth Eitel factor favors

6    the entry of default judgment.

7                  5.       Factor Six: Whether the Default Was Due to Excusable Neglect

8         In this case, there is no indication in the record that defendant's default was due to

9    excusable neglect.  Indeed, despite having been provided with multiple opportunities to appear

10   and defend its interests, defendant apparently declined to do so.  Accordingly, the sixth Eitel

11   factor favors the entry of a default judgment.

12                 6.       Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure

13   Favoring Decisions on the Merits

14        "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

15   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

16   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

17   PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.

18   Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy

19   in favor of decisions on the merits—and consistent with existing policy would prefer that this

20   case be resolved on the merits—that policy does not, by itself, preclude entry of default judgment.

21        In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is

22   entitled to a default judgment against defendant.

23        Terms of the Judgment to Be Entered

24        After determining that a party is entitled to the entry of default judgment, the court must

25   determine the terms of the judgment to be entered.  Plaintiff's motion for default judgment seeks

26   an award of statutory damages, which were also requested in the complaint.[3]  More specifically,

27   _____

[3] Although plaintiff's complaint also sought an award of attorneys' fees and costs, such relief is
28   not requested in plaintiff's motion for default judgment.  As such, the court does not evaluate

5

1    plaintiff seeks a total of $2,000.00 in statutory damages.

2          In a claim for violation of the FDCPA, a plaintiff may elect to seek statutory damages not

3    exceeding $1,000.  See 15 U.S.C. § 1692k(a)(2)(A).  In determining the amount of statutory

4    damages, "the court shall consider, among other relevant factors – (1) in any individual action

5    under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector,

6    the nature of such noncompliance, and the extent to which such noncompliance was intentional."

7    Id. § 1692k(b)(1).  Additionally, a plaintiff may elect to seek between $100 and $1,000 in

8    statutory damages for a violation of the RFDCPA.  See Cal. Civ. Code § 1788.30(b).

9          In this case, defendant's representatives called plaintiff three times in one day, each time

10   well before 8:00 a.m. in the morning.  Defendant's representatives also refused to identify the

11   company that was collecting the debt.  Therefore, there can be little doubt that defendant's

12   conduct was intentional and in bad faith.  That said, the conduct alleged concerns a total of 3

13   telephone calls, and plaintiff does not allege continuing conduct spanning multiple days or weeks.

14   As such, the court is not persuaded that the maximum amount of statutory damages is warranted.

15   Instead, the court finds it appropriate to award $500.00 in statutory damages for violation of the

16   FDCPA, and $500.00 in statutory damages for violation of the RFDCPA, for a total amount of

17   $1000.00 in statutory damages.

18   CONCLUSION

19         For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

20         1.  Plaintiff's motion for default judgment (ECF No. 12) be GRANTED IN PART on the

21             following terms.

22         2.  Judgment be entered in plaintiff's favor and against defendant.

23         3.  Plaintiff be awarded statutory damages in the amount of $1,000.00.

24         4.  The Clerk of Court be directed to close this case.

25         These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

27

28   whether any attorneys' fees and costs should be awarded.

                                                6

1    days after being served with these findings and recommendations, any party may file written

2    objections with the court and serve a copy on all parties.  Such a document should be captioned

3    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4    shall be served on all parties and filed with the court within fourteen (14) days after service of the

5    objections.  The parties are advised that failure to file objections within the specified time may

6    waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

7    Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

8         IT IS SO RECOMMENDED.

9    Dated:  July 27, 2017

10

11   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7