UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA LOWERY, | No. 2:16-cv-03007-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| ACCOUNT OUTSOURCING GROUP, LLC, a Delaware limited liability company, and DOES 1-10 inclusive., | |
| Defendants. | |

This matter is before the court on plaintiff's unopposed motion for reasonable attorney's fees and costs. Mot., ECF No. 19. The matter was submitted on the court's own motion on January 22, 2018. ECF No. 20; Local Rule 230(g). As explained below, the court GRANTS plaintiff's motion.

I. BACKGROUND

Plaintiff brought this action for damages against defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788–1788.32. Compl. ¶ 8, ECF No. 1. On February 21, 2017, the Clerk of the Court entered defendant's default due to its failure to respond to the complaint. ECF No. 8. Judgment was entered in plaintiff's favor against defendant awarding plaintiff $1,000.00 in statutory damages on September 25,

1

2017. ECF No. 15. Plaintiff filed the instant motion for attorneys' fees and costs on December 8, 2017. Mot. The motion is unopposed.

II.     LEGAL STANDARD

The FDCPA provides that a plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see Johnson v. Credit Int'l*, No. 05-16696, 2007 WL 3332813 (9th Cir. 2007) (awarding attorneys' fees under the FDCPA). Under the RFDCPA, "the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor." Cal. Civ. Code § 1788.30(c); *see Gouskos v. Aptos Village Garage, Inc.*, 94 Cal. App. 4th 754, 764 (2001) (awarding attorneys' fees under the RFDCPA). "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The court must articulate "the reasons for its findings regarding the propriety of the hours claimed or for any adjustment it makes either to the prevailing party's claimed hours or to the lodestar." *Id.* at 1148 (quoting *Gates*, 987 F.2d at 1398). "[T]he established standard when determining a reasonable hourly rate is 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation,'" and the burden is on the requesting party to establish the rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 971 (9th Cir. 2008) (resolving fees in FDCPA case; quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990) (relied on by the court in *Camacho*, supra.).

2

III. DISCUSSION

Plaintiff seeks $2,540.00 in attorneys' fees and $620.00 in costs. Mot. at 6. Plaintiff's attorney Katherine A. Sandoval ("Sandoval") claims that she spent 5.5 hours on behalf of plaintiff in this matter. Mot. at 5–6. She asserts the reasonable rate for her services is $250 per hour. Mot. at 6. She also seeks $125 per hour for 7.7 hours of work performed by her law clerk and $75 per hour for her legal assistant's 2.7 hours of work. Mot. at 6. Sandoval has provided the court with her own declaration in support of the motion identifying her hourly rate, and the work she and her co-workers performed on plaintiff's case. Decl. of Katherine A. Sandoval, ECF No. 19-1. While not including the information in her declaration, she has detailed in the motion her experience since 2015 as a consumer protection attorney. Mot. at 5. Sandoval's hours spent on the case and hourly rate are consistent with those found appropriate in other cases decided in this district. *See Gauchat-Hargis v. Forest River, Inc.,* No. 2:11-cv-2737 KJM EFB, 2013 WL 4828594, at *10 (E.D. Cal. Sept. 9, 2013) ("Courts in the Eastern District repeatedly have found $250 per hour to be a reasonable rate for attorneys bringing actions under the Fair Debt Collection Practices Act."); *Esget v. TCM Financial Servs. LLC*, 2014 WL 258837, at *10 (E.D. Cal. Jan. 23, 2014) ("The Court's review of some of the most recent attorney fee awards in FDCPA cases indicate that the most common hourly rate awarded to plaintiff's counsel in FDCPA cases is $250."); *see also Mulvihill v. St. Amant & Assocs.*, No. 2:13-cv-0080-TLN-DAD, 2014 WL 1665229, at *4 (E.D. Cal. Apr. 24, 2014) (awarding experienced FDCPA attorney $290 per hour). The costs of $620.00 are also reasonable. *See Valentin v. Grant Mercantile Agency, Inc.*, No. 117CV01019AWISKO, 2017 WL 6604410, at *12 (E.D. Cal. Dec. 27, 2017) (awarding $510.00 in costs, which included the $400.00 filing fee and cost for service in FDCPA case); *Meyer v. ARS Nat. Servs., Inc.*, No. C07-6422, 2008 WL 3979466, at *2 (N.D. Cal. Aug. 26, 2008) (awarding $559.60 in costs in similar FDCPA case). Given that her motion is unopposed, and that she has provided the minimally essential information to support her request, plaintiff's motion will be granted.

/////

/////

## IV. CONCLUSION

The motion for attorney's fees in the amount of $2,540.00 and costs in the amount of $620.00 is GRANTED as set forth above.

IT IS SO ORDERED.

DATED: August 9, 2018.

_____
UNITED STATES DISTRICT JUDGE